UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GABRIELLE DOUYON,

                              Plaintiff,

                - against -

NY MEDICAL HEALTH CARE, P.C.,
SY SCHNEIDER, DAVID GOLYAN,
NATHAN "DOE",
FARAIDOON DANIEL GOLYAN,

                             Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 10-3983 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

This matter was referred to me by District Judge Feuerstein for a Report and Recommendation on Plaintiff Gabrielle Douyon's ("Plaintiff" or "Douyon") motion [DE 13] to strike Defendants' Answer and Counterclaim pursuant to Rule 12(f) and for a more definite statement of the counterclaim pursuant to Rule 12(e). Defendants filed opposition to the motion [DE 14] and Plaintiff filed a reply [DE 15]. The parties appeared for a conference before this Court on April 11, 2011 at which time the Court heard argument on the motion from counsel for both sides.[1] Having considered the parties' submissions, counsels' statements at oral argument as well as the applicable case law, I respectfully recommend to Judge Feuerstein that Plaintiff's motion to strike the Answer and Counterclaim be GRANTED, and that Defendants be permitted

---

[1] After hearing argument on this motion from counsel at the April 11, 2011 conference, I informed the parties that I would be recommending to Judge Feuerstein that the motion be granted, and I directed Defendants to file an amended pleading within fifteen days of the conference. *See* DE 20. The electronic docket reflects that Defendants filed a First Amended Answer with Counterclaims on April 26, 2011. *See* DE 21.

to file an amended Answer and Counterclaim which complies with the Federal Rules of Civil Procedure.

I.	**BACKGROUND**

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and New York State law alleging that Defendants engaged in "unfair, abusive and deceptive practices . . . in their attempt to collect an alleged medical debt from Plaintiff." DE 1, ¶ 2. The Complaint was filed on August 31, 2010 and consists of twenty pages containing 110 paragraphs including seven separately delineated causes of action.

On January 4, 2011, Defendants filed their Answer and Counterclaim. DE 10. The Answer and Counterclaim consists of twelve pages of both general and specific denials of Plaintiff's claims interspersed with legal argument, case law, and accusations concerning Plaintiff's veracity. The Counterclaim does not articulate what cause of action is being asserted, but merely sets forth a five page recitation of the facts from the Defendants' perspective, generally alleging that Plaintiff owes money to Defendants. The Answer and Counterclaim are divided into paragraphs, sub-paragraphs, and sub-sub-paragraphs.

Plaintiff now seeks to strike the Answer and Counterclaim and requests that the Court order Defendants to re-plead in compliance with the Federal Rules of Civil Procedure. Defendants filed opposition to Plaintiff's motion in which they concede that their pleading is "unusual," "unorthodox in both form and breadth," and "more verbose than necessary."[2] DE 14.

---

[2]  Defendants' opposition consists solely of a three-page Affirmation of Defendants' attorney. Local Rule 7.1(a) clearly states that "all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined." By submitting only an attorney affirmation, Defendants have failed to

Defendants further state that they "do not object to submitting a new pleading." *Id.* However, Defendants maintain that their pleading is not in violation of the Federal Rules.

## II. DISCUSSION

### A. Rule 11

As an initial matter, the Court notes that Defendants' Answer and Counterclaim was not signed either by hand or electronically. Rule 11 requires that: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

In the motion to strike, Plaintiff's counsel pointed out that the Answer and Counterclaim did not contain a signature. DE 13 at 5. However, rather than correct the omission, Defendants' counsel merely submitted its three page "Affirmation in Reply" opposing the motion to strike, which did not address the lack of signature. The Court notes that the attorney who signed the original pleading is not the attorney who appeared before this Court for oral argument. In fact, when Attorney Citron appeared before this Court and was asked about the absence of a signature, Defendants' counsel acted surprised and stated that he did not realize the pleading was unsigned. Given the seriousness of the allegations and arguments raised in Plaintiff's motion to strike, the Court finds this lack of awareness troubling.

The lack of signature and the Defendants' failure to correct the error are sufficient grounds for this Court to recommend to Judge Feuerstein that Defendants' pleading be stricken.

---

comply with this Rule. However, as Plaintiff has not objected to the form of Defendants' submission, the Court will consider Defendants' opposition on the merits in order to resolve this issue expeditiously.

*See In re Fosamax Products Liability Litig.,* No. 09-CV-7255, 2010 WL 1685726, at *2 (S.D.N.Y. April 26, 2010) (dismissing pleading where not signed by authorized attorney); *DiProjetto v. Allen,* No. 08-CV-6430, 2009 WL 1405447, at *2 (W.D.N.Y. May 18, 2009) ("the plain language of Rule 11(a) requires that the Court strike the complaint, since Plaintiff did not promptly correct the error after it was brought to his attention").

B.   **Other Pleading Requirements**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Likewise, in responding to a pleading, "a party must state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). The Second Circuit has commented,

> [t]he statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citations and quotations omitted).

In furtherance of the above goals, Rule 8 additionally requires that each averment of a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 12(f) "is designed to reinforce the requirement in [Rule 8(d)] that pleadings be simple, concise, and direct." *In re Merrill Lynch & Co., Inc. Research Reports Securities Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003)(internal quotations omitted). "The purpose of these rules is relatively straightforward.

4

The statement of the claim should be plain in that it should state facts, not conclusions of fact." *Id.* at 77.

"Generally, the remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement. Alternatively, in certain circumstances a party may move [under Rule 12(f)] to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Dunn v. Albany Medical College,* No. 09-CV-031, 2010 WL 2326127, at *5 (N.D.N.Y. June 7, 2010) (internal quotations and citations omitted); *see also Salahuddin*, 861 F.2d at 42 ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint."). While no technical forms of pleading are required by the Federal Rules of Civil Procedure, "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Defendants' original pleading does not meet any of these requirements. As noted above, Defendants eschew the traditional practice of separately admitting or denying each paragraph in the Complaint. Instead, the pleading consists of a jumble of numbered paragraphs, sub-paragraphs, and sub-sub paragraphs and, in one case, a four-tiered numbered and lettered "paragraph." This structure is far from "short and plain" and improperly includes a plethora of legal argument and factual conclusions. While the Counterclaim section of the pleading contains less of the structural confusion contained in the Answer section, the Counterclaim fails to articulate a legal cause of action and fails to state which of the Defendants are purported to be

asserting the claim. As such, the counterclaim is insufficient to put Plaintiff on notice of the claim asserted and makes it nearly impossible for Plaintiff to articulate a response. The pleading also repeatedly refers to exhibits which were never attached.

Having considered the submissions of the parties, the arguments of counsel before this Court and the relevant case law, I find that the Answer and Counterclaim does not comport with the requirements of the Federal Rules of Civil Procedure and respectfully recommend to Judge Feuerstein that Plaintiff's motion to strike Defendants' Answer and Counterclaim be GRANTED.

### III. CONCLUSION

For the reasons set forth in this Report, it is my recommendation to District Judge Feuerstein that (1) Plaintiff's motion to strike be GRANTED; and (2) that Defendants be permitted to amend their Answer and Counterclaims in compliance with the Federal Rules of Civil Procedure. Furthermore, because Plaintiff will now have to respond to a second pleading, I respectfully recommend to Judge Feuerstein that Plaintiff be awarded the reasonable costs and attorney's fees associated with responding to Defendants' amended counterclaim.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Sandra J. Feuerstein, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the

expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
      May 4, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge