UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GABRIELLE DOUYON,

Plaintiff,

v.

NY MEDICAL HEALTH CARE, P.C.,
SEYMOUR SCHNEIDER, *a/k/a SY SCHNEIDER*,
KOUROSH GOLYAN, *a/k/a DAVID GOLYAN*,
NATHAN KHAIMOV,
FARAIDOON DANIEL GOLYAN, M.D.

Defendants.

Index No.: 10-cv-3983

Hon. Sandra J. Feuerstein
Hon. A. Kathleen Tomlinson

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON PLAINTIFF'S FIRST (FDCPA) AND SECOND (NYGBL
§ 349) CAUSES OF ACTION, PURSUANT TO RULE 56**

White Plains, New York
November 7, 2011

Daniel A. Schlanger, Esq. (DS-9330)
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
Attorneys for Plaintiff
1025 Westchester Avenue, Suite 108
White Plains, New York 10604

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   THE UNDISPUTED FACTS .......................................................................................3

    A. Plaintiff's Claims Against Schneider For Violations Under Fdcpa:.............................3

    B. Plaintiff's Claims Against NY Medical For Deceptive Acts And Practices Under
    NYGBL § 349:.............................................................................................................6

III.  PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST
    DEFENDANT SCHNEIDER UNDER FDCPA §1692, *et seq.* ...................................6

    1. Mr. Schneider Is A Debt Collector Under FDCPA § 1692a(6) ....................................6

    2. Mr. Schneider Failed To Provide The Initial 30-Day Validity/Verification Notices,
    Required Under The FDCPA 15 U.S.C. § 1692g(A)(3) Through (5). .........................9

    3. Mr. Schneider Failed To Provide The Disclosures Required Under 15 U.S.C. §
    1692e(11) ....................................................................................................................10

    4. Defendant Schneider Violated FDCPA § 1692c(B) By Communicating Information
    About The Debt To A Third-Party. ............................................................................11

    5. Mr. Schneider Used A Deceptive Written Communication That Falsely Implied He Is
    A Criminal Investigator And Is Affiliated With Law Enforcement In Violation Of
    FDCPA §§1692e, E(1), E(4),E(5),E(7),E(9),E(10) And 1692f ..................................11

    6. Mr. Schneider's Voicemail Message Falsely Threatened Arrest In Violation Of
    FDCPA § 1692 E(4) And E(5)....................................................................................13

    7. Mr. Schneider Violated FDCPA § 1692e(11) By Failing To Identify Himself As A
    Debt Collector  In Voicemail Messages .....................................................................13

IV.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST
    DEFENDANTS NY MEDICAL UNDER NYGBL § 349 ...........................................14

V.    CONCLUSION ...........................................................................................................18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GABRIELLE DOUYON,

Plaintiff,

v.

NY MEDICAL HEALTH CARE, P.C.,
SEYMOUR SCHNEIDER, *a/k/a SY SCHNEIDER*,
KOUROSH GOLYAN, *a/k/a DAVID GOLYAN*,
NATHAN KHAIMOV,
FARAIDOON DANIEL GOLYAN, M.D.

Defendants.

MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
PLAINTIFF'S FIRST (FDCPA)
AND SECOND (NYGBL § 349)
CAUSES OF ACTION,
PURSUANT TO RULE 56

Index No.: 10-cv-3983

Hon. Sandra J. Feuerstein
Hon. A. Kathleen Tomlinson

Plaintiff Gabrielle Douyon, by and through her attorneys, Schlanger & Schlanger, LLP, respectfully submits this Memorandum of Law in support of her motion for partial summary judgment on the First and Second causes of action in her Amended Complaint. Specifically, Plaintiff moves for summary judgment on multiple violations of the the Fair Debt Collection Practices Act, 12 USC § 1692, *et seq* (FDCPA), and violations of New York General Business Law § 349 (NYGBL § 349), that are clear on the face of the documents or voice recordings produced in discovery. Ms. Douyon does not move with regard to those violations that relate to Defendant Schneider's alleged aggressive conduct during his visits to Ms. Douyon's workplace, as these involve contested material facts. Plaintiff moves with respect to liability only, with damages related to these violations to be determined by inquest. With regard to her Second cause of action, Plaintiff moves as against NY Medical Health Care, P.C. only.

## I.    PRELIMINARY STATEMENT

Plaintiff brings claims under the FDCPA, NYGBL § 349, and for intentional infliction of emotional distress, slander, negligence and negligent hiring and retention. Plaintiff's claims

under the FDCPA are against Defendant Schneider only, whereas her claims under NYGBL § 349 are brought against all Defendants.  First Amended Complaint at ¶¶ 59-62, 63-69.

The claims stem from Defendants' attempts to collect an alleged medical debt using a wide array of outrageously aggressive and unlawful tactics including threats of arrest and criminal prosecution, impersonation of law enforcement personnel, telephone harassment, and attempts to add unauthorized and outrageous amounts of interest to the purported obligation.

While many of these allegations are contested by Defendants and not appropriately decided on summary judgment, the instant motion rests on undisputed testimony and documents from Defendants themselves, and the transcript of a taped telephone message wherein one of the Defendants, falsely threatened that he would come to Plaintiff's place of employment with a sheriff to have her arrested if she did not pay the alleged debt.

Specifically:

(1) Plaintiff seeks summary judgment against Defendant Seymour Schneider ("Schneider") on her First Cause of Action for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. on these "documentary" violations, which include: (a) failure to make required statutory disclosures; (b) making improper disclosures to third parties; (c) leaving a voicemail message that contains false threats of arrest, and (d) distribution of a business card that leaves the unsophisticated debtor with the false impression that Mr. Schneider is affiliated with law enforcement;

(2) Plaintiff also seeks summary judgment against Schneider under NYGBL § 349 in that the distribution of the deceptive business card, which violates the FDCPA §§1692e, e(1), e(4),e(5),e(7),e(9),e(10) and 1692f.

(3) Plaintiff is also entitled to summary judgment as against NY Medical for violation of

NYGBL § 349 because NY Medical's dunning letters falsely state entitlement to 120% per annum compounding interest, and constitute a deceptive practice under § 349.

As discussed below, although many other facts about what Defendants and Ms. Douyon each did and said during the course of Defendants' attempts to collect – particularly during Mr. Schneider's visits to Ms. Douyon's workplace, are hotly contested, the violations that are the subject of the instant motion are incontrovertible and do not involve any genuine issue of material fact.

## II.   THE UNDISPUTED FACTS

Nothing about this motion requires the Court to decide on any genuine factual dispute. The undisputed facts which underlie the two (2) causes of action on which Plaintiff seeks summary judgment, are as follows:

A.  Plaintiff's Claims against Schneider for violations under FDCPA:

1.  Schneider was engaged by NY Medical for the purpose of collecting money allegedly owed to New York Medical from medical consumers that was.  Schneider Transcript ("Schneider TR"), p. 39, l. 11, Ex. G to the accompanying Declaration of Daniel A. Schlanger, Esq., dated November 7, 2011 ("Schlanger Declaration).[1].

2.  Schneider is a long-time, career debt collector. From 2000- 2009 he worked full time for several check-cashing companies wherein his job was to locate, contact and collect money from people who cashed checks at his employers' establishments but whose checks, for one reason or another, did not clear and were returned.  Schneider TR, p. 19, l. 8-25; p. 20, l 1-25.  It is well established that this conduct constitutes debt collection under the FDCPA. Bass v. Stolper, Koritzinsky, Brewster & neider, S.C., 111 F.3d 1322,

---

[1] All exhibits referenced hereafter are attached to the Schlanger Declaration unless otherwise indicated.

1325 -1326 (7th cir. 1997); <u>Charles v. Lundgren & Assocs., P.C.</u> , 119 F.3d 739, 742 (9th cir. 1997); <u>Duffy v. Landberg</u>, 133 F.3d 1120, 1124 (8th Cir. 1998)(attempts to collect payment on a dishonored check are debt collection practices under the FDCPA). <u>Hairston v. Whitehorn & Delman</u>, 1998 U.S. Dist. LEXIS 819, *4 (S.D.N.Y. 1998)(citing <u>Bass</u> for proposition that bad checks constitute debt under FDCPA).

3. Since 2009, he has primarily worked as a freelance debt collector (Schneider TR, p.25 ln 17-20).  He has conducted collections work for two check cashing businesses, Check Change and Sabrina Check Cashing (Id., p.26 ln 2-12 and p. 27 ln 9-23).

4. From approximately May  through September 2010 Mr. Schneider's freelance debt collection work included collecting money owed to New York Medical. Id., p. 30 ln 5-9.

5. In fact, his primary income for 2010 came from his collections work for New York Medical. Id., p. 67 ln 6-21.

6. New York Medical paid Mr. Schneider 10 -15% of any money that was recovered as a result of his collections work. Id., p 47 ln 9 – p. 48 ln. 25; and Answer to Amended Complaint, para. 11.

7. Although Defendants had previously claimed that Schneider had only collected for New York Medical 3-4 times (<u>Ex. E</u>, Relevant pages of the Transcript of the Deposition of David Golyan ("David Golyan TR"), p 104 ln 1-25.), Schneider's own testimony is that he handled 15-20 separate collection cases for NY Medical in a four month period. Schneider TR, p.35 ln 3-13.  Moreover, Defendants Answer to the Amended Complaint admits to this fact. Answer to Amended Complaint, para 11.

8. After repeated requests, NY Medical eventually produced checks and stubs for 16 separate checks that it paid out to Mr. Schneider for his debt collection work. <u>Ex. K</u>.

4

9.  Moreover, Mr. Schneider appears to have handled additional accounts for NY Medical for which he was never compensated, as he testified (a) that he was only paid where his efforts resulted in payment to NY Medical, Schneider TR p. 47, ln 16-20; and (b) to having ended his professional relationship with NY Medical over a dispute about accounts on which his efforts resulted in payment but for which he was never paid. Schneider TR p. 86 ln 11-25; p. 48 ln. 24 – p. 49 ln 19.

10. Mr. Schneider first made contact with Ms. Douyon at her work place at some time in Summer 2010.  Schneider TR p. 70 ln 24 – p. 71 ln 6.

11. During that meeting he discussed Ms. Douyon's alleged debt to NY Medical in the presence of Plaintiff's co-worker Donna Tucker. Schneider TR, p. 72 ln 13, and Transcript of the Deposition of Gabrielle Douyon (Douyon TR) p. 63 ln 2-5, attached as Ex. F.

12. At some time during communications with Ms. Douyon, Mr. Schneider left his business card for her.  Douyon TR p. 21 ln 7-8.  The business card depicts an American Flag and bares the title "Financial Crime Investigator" under Mr. Schneider's name. See Ex. J, Sy Schneider's Business Card.

13. Mr. Schneider testified that the business card he gave Ms. Douyon was the same card he gave to the other alleged debtors from whom he attempted to collect on behalf of his various clients. Schneider TR, p. 61 ln 4-23.

14. Defendant Schneider left a recorded telephone message on Ms. Douyon's voicemail that irrefutably threatened that Plaintiff's non-payment of the debt allegedly due to NY Medical would result in her arrest and imprisonment.  In that call, he left the following message:

I don't appreciate this here. I did you a favor by coming out to your house. I'm going to be at your place of business, place of employment for the doctors tomorrow, and I'm going to see that I call up the sheriff and have you arrested. You are just a game player and I'll play the same game, but I'm going to be the winner.

See Douyon TR, p 279, l. 12-23, p. 280, l. 11-13

B. Plaintiff's Claims against NY Medical for deceptive acts and practices under NYGBL §349:

1. Defendants NY Medical sent letters to the Plaintiff dated January 19, 2011 and March 15, 2011, seeking payment of an allegedly unpaid balance. Each letter contained identical language threatening that non-payment of the debt allegedly due would accrue interest at the rate of 10% per month compounding, i.e. 120% per annum with monthly compounding interest. See Ex. H.

2. NY Medical – after repeated requests, and initially claiming the letter was sent only to Ms. Douyon – produced a letter to another patient, date April 28, 2011, containing identical language. See Ex. I.

3. The relevant portion of all three letters reads as follows: "Note: if we do not receive the check(s) by [date]. We have no other choice to place your account in our legal department which will result in a 10% percent interest every 30 days on the full amount of the balance due with Interest Accumulated added to the principal amount due [sic]." See Exs. H & I.

### III.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANT SCHNEIDER UNDER FDCPA §1692, *et seq*.

**1. Mr. Schneider Is A Debt Collector Under FDCPA § 1692a(6)**

As a threshold issue, it is irrefutable that Mr. Schneider is a debt collector under 15 U.S.C. § 1692a(6).

The FDCPA establishes "two alternative predicates for debt collector status – engaging in such activity as the "principal purpose" of [one's] business and "regularly" engaging in such activity." Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carrol & Bertolotti, 374 F.3d 56, 61 (2d Cir. 2004); *see also* Garrett v. Derbes, 110 F.3d 317, 318 (5th Cir. 1998) (determining that Congress intended for "principal purpose" and "regularly" to be separate alternative elements of "debt collector" status under the FDCPA).

Here, it is undisputed that Mr. Schneider's primary business purpose at the time of the violations in 2010 was the collection of debts allegedly owed to New York Medical. During a four month period from June to September 2010 he handled approximately 15-20 collection matters and derived the majority of his business income that year from his collection work for New York Medical. Schneider TR p. 35 ln 3-13, and Answer to the Amended Complaint, para.11.

Therefore his principal purpose was the collection of debts and he is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See* Goldstein, 374 F.3d 56, 61 (factors in determining principal purpose include percentage of resources devoted to, and revenues derived from debt collection).

Moreover, as his principal business purpose was the collection of debts allegedly owed to another, Schneider satisfies the alternative predicate for "regularly" collecting or attempting to collect debts owed to another. *See Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989)(Court found that defendant's collection activity was "regular" where defendant also testified that collection was a "principal part" of his work during the relevant time). Accordingly Schneider is a debt collector under 1692a(6).

There can also be no question that Mr. Schneider "regularly" collects debts regardless of whether debt collection activity so predominates his work that it is his "principal" business purpose. Goldstein, 374 F.3d at 61 ("a person may regularly render debt collection services, even if these services are not a principal purpose of his business").

After spending years working in collections for check cashing establishments, he has set up his own freelance business, working on a contract basis with both check cashing businesses (Schneider TR, p. 19 ln 8-25 and p. 25 ln 16 – p. 26 ln 5) and, during the relevant period, with NY Medical. Id., p. 39 ln 11. Mr. Schneider collected for NY Medical, with frequency over a four month period, handling at least 16 accounts on which he got paid, and –according to his own testimony – others on which he did not. Id. p. 35 ln 3-13, p. 49 ln 15-19, p. 86 ln 16-25.

Moreover, it is clear from his numerous and intensive efforts with regard to Ms. Douyon and other alleged debtors, that at least some of these accounts involved multiple visits to home and office, in combination with phone calls, and written communications. For example, with regard to one account on which Mr. Schneider testified he was never paid by David Golyan, he stated as follows: "I must have gone to [a NY Medical patient's] house a dozen times [not Ms. Douyon], finally got her in, convinced her to come in. She made arrangements and gave dated checks to them. I never collected any money on it." Schneider TR, p. 49 ln 15-19.

He had business cards made up for the purpose of distributing to debtors. Id., p. 61 ln 8-23.

In short, "the frequency and indicia of commitment to efforts on behalf of [the creditor] demonstrate that" Mr. Schneider "did not casually or perfunctorily undertake [his] debt collection work. Cashman v. Ricigliano, 2004 U.S. Dist. LEXIS 17027 (D. Conn. Aug. 25, 2004).

8

**2. Mr. Schneider Failed To Provide The Initial 30-Day Verification Notices, Required Under The FDCPA, 15 U.S.C. § 1692g(A)(3) Through (5)**

Pursuant to 15 U.S.C. § 1692g(a)(3), Mr. Schneider was required to provide at the communication or within 5 days of that communication, a 30 day verification notice stating, that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector".

Pursuant to § 1692g(a)(4), the written notice was also required to contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;"

Pursuant to § 1692g(a)(5), the written notice was required to contain "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

These "g notices" are a central part of the protections established by Congress, and are designed to inform debtors of important rights. Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 134 (2d Cir. 2010); Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 89 (2d Cir. 2008). The FDCPA is a strict liability statute, and failure to provide the correct notices within the time allowed is a per se violation. *See* Russel v. Equifax ARS, et al, 74 F.3d 30, 33-34 (2d. Cir 1996); (FDCPA is strict liability statute, no need to show intention); Booth v. Collection Experts, Inc., 969 F.Supp. 1161 (E.D. Wis. 1997) (Section 1692g is a strict liability statute; an

unintentional violation of the validation requirements violates this section); Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, 1999 U.S. App. LEXIS 12055 (7th Cir. June 2, 1999).

It is undisputed that Mr. Schneider never provided any of the required notices within the allowed time.  Specifically, Mr. Schneider cannot point to any document provided to Ms. Douyon at the time he initially communicated with her by coming to her office  – or indeed at any time at all – that provided this information.

For example, Mr. Schneider's business card does not contain any of the information required under 1692g, and it is uncontested that at no time after leaving his card did Mr. Schneider provide Plaintiff with the required notices.

### 3. Mr. Schneider Failed To Provide The Disclosures Required Under 15 U.S.C. § 1692e(11)

Pursuant to 15 USC 1692e(11), a debt collector is required to disclose in both initial and non-initial written communications, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., 155 Fed. Appx. 10, 11 (2d Cir. 2005) (§1692e(11) "requires adequate disclosure of attempts to collect a debt").

The same subsection further requires that subsequent communications that the communication is "from a debt collector."  Passafiume v. NRA Group, LLC, 274 F.R.D. 424, 428 (E.D.N.Y. 2010).

It is undisputed that Mr. Schneider never provided Ms. Douyon with an "e11" notice. For example, Mr. Schneider's business card does not contain any of the information required under 1692e(11), nor do any of the documents identified by Ms. Douyon as being part of the

10

"packet" of materials Mr. Schneider gave to her at her workplace. Douyon TR, p. 170 ln 10-21

(copy of papers which were Ex. B-1 to the Douyon Deposition are attached here as Ex. L).

### 4. Defendant Schneider Violated Defendant Schneider Violated FDCPA § 1692c(B) By Communicating Information About The Debt To A Third-Party

It is also undisputed that in attempting to collect a debt, Mr. Schneider came to Plaintiff's

place of work in June and July 2010 and discussed the collection of the alleged debt with

Plaintiff in the presence of Plaintiff's co-worker. Schneider TR, p. 72, ln. 13. Therefore, Mr.

Schneider violated the FDCPA's prohibition on communicating with third-parties about a debt-

collection. 15 U.S.C. 1692c(b). *See* Harrison v. Fed. Pacific Credit Co.. L.L.C., 2006 WL

276605 (W.D.N.Y. Feb 3, 2006)(communication with consumer's supervisor regarding debt

violates § 1692c(b)); Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557 (D.Conn.

1993) (collectors discussion of debt with consumer's secretary violated 1692c(b)).

### 5. Mr. Schneider Used A Deceptive Written Communication That Falsely Implied He Is A Criminal Investigator And Is Affiliated With Law Enforcement In Violation Of FDCPA §§1692e, E(1), E(4),E(5),E(7),E(9),E(10) And 1692f

Although lacking all required notices, Mr. Schneider's business card does depict an

American Flag and bears the title "Financial Crimes Investigator" under his name. It also

contains a four digit code "#5416" in the bottom left hand corner. Ex. J.

It is well established that debt collection communications analyzed under the FDCPA

must be viewed from the perspective of the least sophisticated consumer. Clomon v. Jackson,

988 F.2d 1314, 1318 (2d Cir. 1993); Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1028

(6th Cir. 1992); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991); Jeter v. Credit Bureau,

Inc., 760 F.2d 1168, 1174-75 (11th Cir. 1985); Baker v. G.C. Services Corp., 677 F.2d 775, 778

(9th Cir. 1982)

11

Mr. Schneider's card violates the FDCPA in at least 3 ways.

First, as already discussed, it does not contain any of the disclosures required under § 1692g or § 1692e(11).

Second, it gives the false impression that he is primarily a criminal investigator, in violation of 15 U.S.C. §§ 1692e, e(1), e(7), e(4) e(10) and f. He is not. Rather, he is a debt collector collecting consumer debts on behalf of creditors, and is paid on the basis of the amount he collects.

Third, the card constitutes a "false representation or implication that the debt collector is. . . affiliated with the United States or any State" in violation of § 1692e(1), and violates 1692e(9), which prohibits "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

Specifically, viewed from the least sophisticated consumer's perspective, the depiction of the American Flag on the card – in conjunction with the title "Financial Crimes Investigator" and the appearance of a four digit code, "#5416", which could plausibly appear to an unsophisticated consumer to be some type of license or registration number, provides the false impression that Mr. Schneider is affiliated with or licensed by the United States government in violation of 15 U.S.C. §§ 1692e(1) and e(9). Adams v. First Federal Credit Control, Inc., 1992 WL 131121 (N.D. Ohio May 21, 1992) (criminal prohibition in 18 U.S.C. § 712 of the use of words "national," "Federal", "United States"… or *any emblem, insignia, or name* which falsely conveyed a relation to the United State Government in the collection of private debts lent persuasive authority that 15 U.S.C. § 1692e(1) was violated) (emphasis added); *see also*

12

Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994) ("the FDCPA forbids a range of implications wider than merely the direct representation that the debt collector is or is a part of state or federal government").

### 6. Mr. Schneider's Voicemail Message Falsely Threatened Arrest In Violation Of FDCPA § 1692 E(4) And E(5).

It is also undisputed that Mr. Schneider left a voicemail message for Ms. Douyon that stated:

> I don't appreciate this here. I did you a favor by coming out to your house. I'm going to be at your place of business, place of employment for the doctors tomorrow, and I'm going to see that I call up the sheriff and have you arrested. You are just a game player and I'll play the same game, but I'm going to be the winner.

See Douyon TR, p 279, l. 12-23, p. 280  ln 11-13

Mr. Schneider's voicemail message violates FDCPA §§ 1692e, e(1), e(2)(A), e(4), e(5), e(7), e(8), e(10), and f because it falsely represents that Ms. Douyon will be arrested for the failure to pay the alleged debt and falsely implies that Mr. Schneider will take an action that he is not legally entitled to take and/or that he has no intention of taking. In this regard, Plaintiff notes that it is undisputed that Mr. Schneider never contacted the Nassau County Sheriff regarding this matter. Schneider TR, p. 82, ln 3-5.

### 7. Mr. Schneider Violated FDCPA § 1692e(11) By Failing To Identify Himself As A Debt Collector  In Voicemail Messages

Moreover, Mr. Schneider's voicemail message failed to inform Plaintiff that the call was from a debt collector, in violation of 15 U.S.C. § 1692e(11).  Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643, 658-660 (S.D.N.Y. 2006) (telephone messages from a debt collector are "communications" under the FDCPA and require the collector to provide the "mini-Miranda" warning by identifying him or herself as a debt collector in any initial or subsequent voicemail

13

communication under FDCPA § 1692e(11)); Dona v. Midland Credit Mgmt., 2011 U.S. Dist.

LEXIS 27136, *3 (E.D.N.Y. 2011) (citing Foti); Pifko v. CCB Credit Servs., 2010 U.S. Dist.

LEXIS 69872, *16 (E.D.N.Y. 2010) (messages left on voicemail are "communications under

FDCPA) (citing Foti).

Accordingly, as each of these actions in violation of the FDCPA are undisputed facts,

Plaintiff is entitled to Summary Judgment regarding Mr. Schneider's liability under 15 U.S.C. §

1692, *et seq.*

### IV.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT
### AGAINST DEFENDANT NY MEDICAL UNDER NYGBL §349

The undisputed facts in the case also entitle Plaintiff to Summary Judgment on

Defendants' violations of New York GBL § 349.  During its collection efforts against Plaintiff,

NY Medical, by David Golyan, mailed Plaintiffs letters dated 1/19/10 and 3/15/10, which stated

that interest of 10% per month would be applied the balance due with "accumulated interest

added to the principal." Ex. H; David Golyan TR p.40-42.

Defendants cannot point to any document purported to be signed by Ms. Douyon in

which she authorized the imposition of 120% per annum compounding interest on unpaid

balances.  Indeed, Defendants have not produced any document other than the actual letters sent

to patients containing the demand for these additional sums, in which patients are advised of

Defendants policy of charging this outrageously high rate on unpaid balances.

Rather, David Golyan testified that these letters were sent because "[NY Medical] had no

other option. She was not paying attention to the matter, so we had to attract her attention."

David Golyan TR, p. 50 ln 25 - p. 51 ln 3.

14

Absent any contractual agreement, NY Medical is allowed pre-judgment interest of 9% per annum, non-compounding that may be awarded by a court for money owed due to a breach. CPLR §§ 5001, 5004. In other words, whereas by statute the most NY Medical would be entitled to on a purported balance of $5,200 (the approximate amount of the insurance funds that NY Medical claims was improperly kept by Ms. Douyon), is $468 in interest per year. In contrast, NY Medical sought to collect $11,119.83 (eleven thousand, one hundred and nineteen dollars and eighty three cents) per year, i.e. NY Medical falsely claims in letters to its patients that it is entitled to bill 23.7 times more in annual interest than is proper.

Under GBL § 349 a defendant is liable for "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." To establish liability, Plaintiff must show (1) that the transaction was consumer-oriented; (2) that Defendants' conduct was materially misleading; and (3) that Defendants' conduct harmed Plaintiff." Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (2000); Cohen v. JP Morgan Chase & Co., 498 F.3d 111 (2d Cir. 2007). In conducting this analysis, "New York courts also look to the amount of the transaction and the sophistication of the parties to discern whether the parties 'need the protection' of the consumer protection law." Phifer v. Home Savers Consulting Corp., 2007 WL 295605 at *5 (E.D.N.Y. 2007).

With regard to the requirement that the deceptive conduct be "consumer oriented" the Court of Appeals has instructed as follows:

> Consumer-oriented conduct does not require a repetition or pattern of deceptive behavior. The statute itself does not require recurring conduct. Moreover, the legislative history makes plain that this law was intended to "afford a practical means of halting consumer frauds at their incipiency without the necessity to wait for the development of persistent frauds" (see, Mem of Governor Rockefeller, 1970 NY Legis Ann, at 472-473). Plaintiff, thus, need not show that the defendant committed the complained-of acts repeatedly--either to the same plaintiff or to

other consumers--but instead must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute (see, e.g., 593 F.Supp 743, 752 [negotiation for rental of Shea Stadium was a " 'single shot transaction' ", not a typical consumer transaction and therefore not covered by section 349]).

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (N.Y. 1995)

All three elements of a valid GBL § 349 claim are met and no genuine material dispute of fact exists as to any of them.

First, NY Medical's form letter seeking 120% per annum compounding interest is consumer oriented under the Oswego standard. Specifically, such letters are not unique to the dispute between these two parties, nor was the sending of the letter a "single shot transaction". Id. Rather, this is boilerplate that was sent to Ms. Douyon and to at least one other patient by a sizeable medical practice, employing seven or eight physicians, and grossing $17.7 million per year. Ex. D., Transcript of Deposition of Dr. Faraidoon Daniel Golyan p. 36, l. 12-13; Ex. N, NY Medical IRS Form 1120S for 2009, showing a gross income of $17.7 million. If not halted at "incipiency" by this Court, other patients of NY Medical will continue to receive such letters, and may well, no doubt, be deceived into paying interest not actually owed. Oswego, 85 N.Y.2d at 25.

Defendants conduct was misleading in that they communicated to Plaintiff that they "had no choice [but] to place [the] account in our legal department which will result" in application of an outrageous amount of interest to the alleged debt, see Ex. H. In fact, NY Medical not only had a choice about the application of such interest, it had no legal or contractual right to apply do so. It is well established that the collection of fees in violation of state or federal laws may alone satisfy the "misleading" element under GBL § 349, even if disclosed. See, e.g., Cohen, 608

16

F.Supp.2d 330, 349-50 (E.D.N.Y. 2009); Negrin v. Norwest Mortgage, Inc., 700 N.Y.S.2d 184, 192-93 (2d Dept. 1999).

In order to be successful on a claim under GBL § 349, Plaintiff must also show how the materially misleading action caused her damage in the form, for example, of increased cost or physical harm.  Small v. Lorrilard,  94 N.Y.2d 43, 56 (1999).  Here, the undisputed facts show that Defendants' misrepresentations resulted in increasing her alleged financial obligation by over eleven thousand dollars on an annual basis.[2]  Indeed, Defendants have sued her on this alleged obligation in both state and federal court.  Ex. O, Complaint in New York Medical Health Care, P.C. v. Gabrielle Douyon, Nassau County Supreme Court Index No. 10-7509.

Accordingly, because the undisputed facts show that all elements of a consumer claim under § 349 are satisfied, Plaintiff is entitled to Summary Judgment regarding the fact that Defendants' letters falsely claiming entitlement to charge consumers outrageous interest in excess of legal limits, violates New York GBL § 349.

---

[2] Although it is not critical to this motion, Plaintiff notes in this regard, that her attempts to establish a repayment plan on the obligation were thwarted by Defendants' insistence on being paid the additional $900 in interest that had already "accrued." Douyon TR., p266 l. 2 and p. 278, l. 12.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Summary

Judgment in favor of Plaintiff as to liability on Plaintiff's first and second causes of action, and

grant any further relief that the Court deems just and proper.

Dated: November 7, 2011
      White Plains, New York

                            Respectfully,

                            Daniel A. Schlanger, Esq. (DS-9330)
                            Peter T. Lane, Esq.
                            Schlanger & Schlanger, LLP
                            Attorneys for Plaintiff
                            1025 Westchester Avenue, Suite 108
                            White Plains, New York 10604

To:

      Revaz Chachanashvili & Associates
      *Counsel for Defendants*
      108-18 72nd Avenue
      2nd Floor
      Forest Hills, NY 11375