# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

9 EAST 40TH STREET, SUITE 1300
NEW YORK, NEW YORK 10016
TEL: 914-946-1981  FAX: 914-946-2930
DANIEL.SCHLANGER@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.
ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.*
    *ADMITTED IN NY & MA

WESTCHESTER OFFICE
343 Manville Road
Pleasantville, New York 10570

November 5, 2014

<u>VIA ECF</u>

Hon. A. Kathleen Tomlinson
United States District Court, E.D.N.Y.
100 Federal Plaza
Courtroom 910
Central Islip, NY 11722-9014

|  | Re: | Gabrielle Douyon v. NY Medical Health Car, P.C., <i>et al.</i> |
|---|---|---|
|  | Index: | 10-CV-3983 |

Your Honor:

This office represents Plaintiff Gabrielle Douyon in the above-referenced action. By leave of Court (ECF Order dated 10/31/14), I submit the instant reply letter brief in further support of Ms. Douyon's revised application for costs. As set forth herein, opposing counsel's opposition to same is entirely without merit.

By Order dated September 30, 2014 ("Order"), this Court awarded Plaintiff $102,237.97 in attorney's fees (in addition to granting a prior unopposed 2011 request for attorney's fees). With regard to Plaintiff's request for litigation costs, the court disallowed all costs but for the filing fee on grounds that "none of the other itemized expenses (e.g. online research, postage, court reporters) are substantiated by any underlying documentation", such as "invoices, receipts or documentary proof". However, the granted Plaintiff "an opportunity to provide the underlying documentation" within 14 days. <u>Id</u>. at 38.

Plaintiff did so, providing some 19 exhibits (<u>Exhibits A</u> through <u>S</u>) as evidentiary support. Opposing counsel, confusing an application for costs with a forensic audit, continues to object, principally on grounds that the invoices for the depositions of Defendants Seymour Schneider, Kourosh Golyan, and Fairadoon Golyan "show no proof of payment". <u>Opp</u>. at 1.

In other words, Defendant now insists, contrary to the Court's description of "invoices" as an adequate documentary proof, that invoices alone are inadequate because, theoretically, Plaintiff could have refused to pay the amount invoiced. This is nonsense. The contemporaneous  correspondence between my firm's former bookkeeper and Dalco Reporting,

SCHLANGER & SCHLANGER, LLP
ATTORNEYS AT LAW

Inc., attached previously as <u>Exhibit F</u>, and the invoice for the Deposition of Fairadoon Golyan, attached previously as <u>Exhibit G</u> (noting that the invoice had been paid in full), made clear that my firm paid the court reporter for the three depositions in question.

In any event, so that there is no doubt whatsoever, attached hereto as <u>Exhibit 1</u> are three invoices re-issued by Dalco Reporting at our request, noting in each instance that payment in full was received.  In addition, attached hereto as <u>Exhibit 2</u> are the relevant portions of my firm's bank statements during the relevant time period, showing online payments to Dalco Reporting for the invoices in question.[1]

Next, opposing counsel objects because he believes the invoices themselves to be insufficiently detailed, inasmuch as they date that the balance is for an "original and 1 certified deposition transcript" of each Defendant, but don't state a per page fee or specify as to whether the transcripts were expedited.  Defendant does not point to any supporting case law for this assertion.

Not surprisingly, Courts have warned against and discouraged the time-wasting, second-guessing, forensic exercise proposed by Defendant.  *Duke v. Uniroyal Inc.*, 743 F. Supp. 1218, 1227 (E.D.N.C. 1990), *aff'd*, 928 F.2d 1413 (4th Cir.), *cert. denied*, 502 U.S. 963, 116 L. Ed. 2d 449, 112 S. Ct. 429 (1991)("It is not necessary or desirable for federal courts to review receipts for every five dollar expenditure. Judges, being former practicing attorneys, are quite capable of determining the reasonableness of expenses incurred during litigation. Neither is it necessary to itemize expenses in great detail. For example, it is sufficient that copying costs were submitted without listing how many pages of which documents were copied during the three years of litigation. Law firms generally do not keep such records and little would be served by requiring them except to make litigation more expensive."); *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 383 (D.D.C. 1983), *aff'd in pertinent part*, 241 U.S. App. D.C. 11, 746 F.2d 4, 30 (D.C. Cir. 1984), *cert. denie*d, 472 U.S. 1021 (1985) ("It is not necessary for plaintiffs to explain the purpose of every photocopy that is produced and every expenditure that is made in connection with the litigation. For most out-of-pocket costs, it is enough for the plaintiffs to identify the expenses by category, with a general description of the types of charges included in each category."); *Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir. Tex. 1999) (finding district court did not abuse discretion when "by failing to require that defendants produce receipts).  See, *Attorney Fee Petitions:  Suggestions For Administration and Management*, Federal Judicial Center, 1985, p. 60 (stating that "[t]he optimal standard would allow moderately precise, but not cumbersome, documentation of expenditures", warning against becoming "enmeshed in a meticulous analysis of every detailed facet of the professional representation in determining costs" (quoting *Copeland v. Marshal*, 641 F2d 880,  896), and citing favorably to *Laffey*'s holding that "it is enough to identify expenses by category, with a general description of the types of charges").[2]

---

[1] The bank statements have been redacted to disclose only those entries relevant to the issue at bar.

[2] Available as of 11/5/14 at http://www.fjc.gov/public/pdf.nsf/lookup/attyfeep.pdf/$file/attyfeep.pdf

2

SCHLANGER & SCHLANGER, LLP
ATTORNEYS AT LAW

     In any event, attached hereto  as Exhibit 3 is an email dated 11/5/14 from Michael E. Levinson, president of Dalco Reporting, Inc., confirming that the per-page rate for each of the invoices in question was 4.95/page (plus the appearance fee, etc. listed on each invoice), which has been Dalco's standard (non-expedited) deposition rate for over 20 years.   As Defendants are well aware, the invoice for Kourosh Golyan was for significantly more than the invoices for the other Defendants because his deposition transcript was much longer, running some 305 pages. Defendants Schneider and Fairadoon Golyan's transcripts, in contrast, ran 134 pages and 148 pages, respectively. Id.

     Finally, Defendants object to the expenses itemized in (the previously submitted) Exhibits R and S, which are not invoices or receipts, but rather "other documentation". Order at 38.   Specifically, as set forth in my Declaration dated 10/13/14 (ECF Doc.120) at ¶12, Exhibit R is the client ledger printout covering the period from September 2010 through May 2011 from PC Law, the Lexis bookkeeping software my office used in 2010 through mid-2011.  This client ledger included highlighted cost entries totaling $258.75, for which my office has been unable to locate invoices or receipts.  For example, as previously noted, the firm is unable to locate the firm's handwritten postage and copy logs from 2010.  It should be noted that the firm relies on the monthly entry of those costs into our bookkeeping system –reflected in the client ledger -- in the regular course of business.

     Likewise, Exhibit S is a Quickbooks transaction report, again identifying cost entries entered monthly in the regular course of business from mid-2011 through mid-2012 for which the underlying "receipts" (such as, again, the handwritten postage and copy logs, as well as the itemized Lexis and Pacer invoices which cannot be retrieved online or by request to the vendor due to their age). Id. at ¶13.   These highlighted items total $513.57.

     I respectfully submit that these contemporaneous cost entries, made and relied upon in the regular course of business, and captured in the PC Law client ledger and the Quickbooks transaction report, are precisely the sort of "other documentation" apart from "invoices" and "receipts" that provides adequate support of costs and disbursements.  Order at 38; See, e.g. Laffey, 572 F. Supp. at 383; Duke, 743 F. Supp. at 1227; Attorney Fee Petitions, FCJ, 1985, at p. 60.

     For the reasons set forth in Plaintiff's revised application for costs and supporting papers, as well as herein, Plaintiff respectfully requests that the Court grant Plaintiff's revised application for costs in its entirety.

                      Respectfully,

                      s/Daniel A. Schlanger

                      Daniel A. Schlanger

cc:  Andrew Citron, Esq.

3