UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GABRIELLE DOUYON,

                             Plaintiff,

                - against -

NY MEDICAL HEALTH CARE, P.C.,
SEYMOUR SCHNEIDER, a/k/a SY Schneider,
KOROUSH GOLYAN, a/k/a David Golyan,
NATHAN KHAIMOV, and
FARAIDOON DANIEL GOLYAN, M.D.,

                            Defendants.
-------------------------------------------------------------X

**ORDER**

CV 10-3983 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      In a Memorandum and Order dated September 30, 2014, the Court GRANTED, in part, and DENIED, in part, Plaintiff's motion for attorneys' fees and costs in this FDCPA action. *See* DE 118. The Court awarded $102,237.97 in attorneys' fees and $350 in costs. The Court deferred entering a final award in order to provide Plaintiff's counsel the opportunity to submit any invoices, receipts, or documentary proof for certain costs Plaintiff asserted she was entitled to recoup as a prevailing party. DE 118 at 38; *see* 15 U.S.C. § 1692k(a)(3).

      Plaintiff's counsel thereafter submitted a "Revised Application For Costs and Request To Amend 9/30/14 Order *Nunc Pro Tunc*." *See* DE 119. In support of that application, the Plaintiff submitted the Attorney Declaration of Daniel A. Schlanger, Esq. of Schlanger & Schlanger, LLP ("Schlanger Decl."), along with Exhibits A through S which were annexed to the Schlanger Declaration. *See* DE 120. At that time, the revised costs sought were $4,696.12, compared to the original costs sought of $4,952.69. Schlanger Decl. ¶ 7. According to Plaintiff's counsel, the revised number was "due to several bookkeeping errors/discrepancies in the original submission

discovered in the course of putting together this submission, including principally, the inadvertent double counting of a Lexis Nexis charge of $186.85 and of a postage charge for $36.30 from 2010-2011, as well as the misstatement of a court reporter fee incurred in 2012 as $812.60 when, in fact, the firm was charged only $786.30." *Id*.

Exhibits A through Q annexed to the Schlanger Declaration consist of invoices, receipts, postage logs, etc. *Id*. ¶ 11. Exhibits R and S are printouts of client/transaction ledgers from the bookkeeping software used by the firm. *See id*. The client ledger provided as Exhibit R covers the period from September 2010 through May 2011 and was generated in PC Law, the bookkeeping program used by the firm during that period. *See id*. at ¶ 12. Counsel points out that the costs highlighted in Exhibit R total $258.75, for which the firm has not been able to locate the underlying receipts but which "were input into our bookkeeping system contemporaneously in 2010 and early 2011 in the regular course of business." *Id*. Schlanger & Schlanger used Quickbooks to track client costs from mid-2011 to mid-2012, prior to moving the costs tracking software to MyCase. *Id*. ¶¶ 11, 13. The costs highlighted in Exhibit S total $513.57 and date from mid-2011 through mid-2012. *See id*. ¶ 13. For these costs as well, counsel has been unable to locate the underlying receipts, etc. but states that, once again, these costs were input into the bookkeeping system contemporaneously in 2011 and 2012 in the regular course of business of the firm. *Id*.

Defendants' counsel submitted a letter opposing the revised application for costs. *See* DE 123. In that letter, Defendants' counsel points to the fact that there were still no invoices or receipts for certain costs, including those set forth in Exhibits R and S, and that his clients objected "particularly given the bookkeeping errors set forth in Mr. Schlanger's declaration." *Id*. Counsel further pointed to the invoices for the three court reporters which showed no proof of

payment, nor any itemized statement as to the rate per page and whether the service was regular or expedited. *Id*.

The Court granted Plaintiff leave to file a reply to address the Defendants' opposition. *See* October 31, 2014 Electronic Order. In that Reply, Plaintiff's counsel asserted that opposing counsel was "confusing an application for costs with a forensic audit." DE 125 at 1. After citing a number of cases which support that proposition, Plaintiff's counsel attached as Exhibit 3 to his Reply an email from Michael E Levinson, president of Dalco Reporting, Inc., confirming that the per-page rate for each of the invoices in question was $4.95 per page, "which has been Dalco's standard (non-expedited) deposition rate for over 20 years." DE 125 at 2. Exhibit 1 annexed to the Reply contains copies of three invoices from Dalco Reporting, showing the following charges: (1) $1,589.75 for the July 20, 2011 certified deposition transcript of Kourosh Golyan; (2) $768.30 for the August 2, 2011 certified deposition transcript of Sy Schneider; and (3) $812.60 for the August 5, 2011 certified deposition transcript of Faraidoon Daniel Golyan. Each of the invoices reflects payment in full having been made to Dalco, thereby resulting in a zero balance. Exhibit 2 are copies of Customer Service Information statements from Chase Bank for the account of Schlanger & Schlanger LLP showing electronic withdrawals/online payments to Dalco Reporting on 11/1/11 for $763.30, 2/1/12 for $1589.75, and 5/4/12 for $812.60. The Court finds that this documentation is sufficient for purposes of an award of costs and expenses.

Thereafter, Plaintiff's counsel filed a letter dated June 23, 2015 [DE 126] entitled "Motion to Amend/Correct/Supplement Motion for Attorney Fees Revised Application For Costs" which stated the following:

> This case was filed 2010. In order to bring this matter to a close, Plaintiff hereby waives all costs other than: (1) those previously approved by this court, and (2) those associated with the court-

> reporter deposition fees in this matter, and respectfully requests that final judgment be entered as follows:
>
> **a.** $1050 in damages to Plaintiff (pursuant to the Stipulation and Order previously approved by the Court). See Order at p. 7 discussing Stipulation and Order approved by the Court on October 31, 2013.
>
> **b.** With regard to Plaintiff's Unopposed 2011 motion for fees and costs: $7050 in fees and $19.15 in costs, all of which has been previously approved by the Court. Order at pp. 39-40.
>
> **c.** With regard to Plaintiff's 2014 application for fees and costs: $102,237.97 in attorney's fees, previously approved by the Court (*Order* at p. 39), and $3520.65 in costs, consisting of the $350 in costs previously approved by the Court (*Id.* at p. 38), and $3170.65 of costs solely attributable to court reporter deposition fees for which invoices and other supporting documentation has been provided.

DE 126 at 2. Plaintiff also waived any prejudgment interest to which she might otherwise be entitled. *See id.*

In light of Plaintiff's withdrawal of certain requests for costs, the Court GRANTS DE 119 and DE 126 to the extent set forth in this Order and makes the following award in light of the documentation which has been supplied, to be paid by defendant Seymour Schneider:

(1) $1,050 pursuant to October 31, 2013 "so ordered" Stipulated Judgment [DE 103];

(2) $7,402 in attorney's fees ($7,050 for Daniel Schlanger) and $352 (for paralegal Tavarez), as well as $19.15 for FedEx postage (total of $7,416.15) as a result of the unopposed 2011 motion for fees and costs stemming from the defense of the amended counterclaim;

(3) $102,237.97 in attorneys' fees and $350 in costs pursuant to the Court's September 30, 2014 Memorandum and Order [DE 118];

4

(4) $3,170.65 for costs attributable to court reporter deposition fees related specifically to the supplemental documentation addressed by the Court in this Order.

In addition, Plaintiff's request to have the Court's September 30, 2014 Memorandum and Order [DE 118] amended to include the first bullet point of the Court's previous September 28, 2012 Memorandum and Order [DE 84, page 43] is also GRANTED. DE 118 is amended solely to the extent that the following bullet point, which was inadvertently omitted from DE 118, shall be included in DE 118 at page 5, just before the other bullet points which appear on page 5 and continue onto page 6:

- Plaintiff is entitled to summary judgment on her claim that Schneider violated 15 U.S.C. §§ 1692g and 1692e(11) with respect to Schneider's recorded voicemail.

The Clerk's Office is directed to enter judgment against defendant Seymour Schneider in favor of the Plaintiff in the sum of $1,050 based on the Stipulated Judgment entered into by the parties as well as $109,639.97 in attorneys' fees, and $3,539.80 in costs, for a total of $114,229.77. The Clerk of the Court is further directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
September 30, 2015

/s/ A. Kathleen Tomlinson

A. KATHLEEN TOMLINSON
U.S. Magistrate Judge